UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**LISA OWENS,**
        Plaintiff,

     v.                                                 Case No. 11-CV-00724

**AT&T COMMUNICATIONS, INC.,**
        Defendant.

---

## DECISION AND ORDER

Pro se plaintiff Lisa Owens is suing defendant Wisconsin Bell, Inc. (improperly named in the complaint as "AT&T Communications") for wrongful termination. The facts alleged in the complaint are simple: On June 15, 2009, plaintiff notified defendant that she could not come into work because she had a court date and she provided the attendance manager with a copy of her summons as proof. In response, defendant informed plaintiff that the day counted as an unexcused absence from work because she had already exhausted her personal leave and sick time. As a result, defendant terminated plaintiff. Plaintiff concedes that she exhausted her personal leave and sick time prior to her court date, but claims that the union handbook allows an employee to take an excused absence from work to appear in court as long as the employee provides a copy of a summons.

Defendant moves to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the complaint must state a plausible claim for relief that permits "the reasonable inference that defendant is liable for the injury alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In assessing defendant's motion, I take all of plaintiff's allegations as true and, because plaintiff is proceeding pro se, I give

the complaint a liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). As part of my review of the complaint, I can also consider the text of the union handbook because the complaint makes reference to it. *See Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009) (noting a court can consider documents referred to in the complaint without converting a motion to dismiss into a motion for summary judgment).

From the face of the complaint, it appears that plaintiff is attempting to state a claim for violation of a collective bargaining agreement ("CBA") under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. *See DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 163–64 (1983). Her allegation is that defendant violated the terms of the union handbook by not allowing her to take a day off to appear in court in response to a summons. The problem is plaintiff has not identified any provision of the handbook that supports her claim, and Section 18.13 of the handbook expressly states that "[a]bsence requests for court appearances in connection with [criminal or civil actions, whether under subpoena or summons or not, in which an employee is a plaintiff or defendant] are considered personal . . . ." Thus, the handbook indicates that plaintiff needed to use a personal day to appear in court. Since she concedes that she had exhausted her personal and sick time prior to June 15, 2009, her absence from work was unexcused. Therefore, the complaint does not provide sufficient allegations to prove defendant violated the CBA by terminating her.

In response to defendant's motion to dismiss, plaintiff claims that she mislabeled her complaint. She argues that she intended to bring a claim for violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.* As a supplement to her complaint, she

2

submitted several documents indicating that prior to June 15, 2009 she took a significant amount of FMLA leave to deal with her own medical needs and those of her sons. One of these documents is a letter she wrote to an investigator at the United States Department of Labor, in which she claims defendant used her court date as an excuse to terminate her because of her attendance issues. She also alleges that other employees were allowed to miss work for court as long as they provided a summons. When the complaint is read in conjunction with these supplemental documents, it appears plaintiff is attempting to state a claim for retaliation under the FMLA.

To bring a claim for retaliation, plaintiff must allege that there is either direct or indirect evidence that defendant retaliated against her on account of her decision to take FMLA leave. *Goelzer v. Sheboygan Cnty., Wis.*, 604 F.3d 987, 995 (7th 2010). Plaintiff's statement that she believes this is what happened is not sufficient. Direct evidence is evidence that itself indicates retaliatory intent, such as an admission by one of plaintiff's supervisors. *Burnett v. LFW, Inc.*, 472 F.3d 471, 481 (2006). Indirect evidence is evidence that shows that, after taking FMLA leave, plaintiff "was treated less favorably than other similarly situated employees who did not take FMLA leave, even though [s]he was performing h[er] job in a satisfactory manner." *Id.* at 482 (*quoting Hull v. Stoughton Trailers, LLC*, 445 F.3d 949, 951 (7th Cir. 2006)).

I find that the complaint, even when read in conjunction with the supplemental documents, does not provide sufficient allegations to prove retaliation. Plaintiff offers no direct evidence of retaliation. She admits that she was terminated for taking time off to appear in court—not to care for herself or a family member. Further, the only indirect

3

evidence she offers is her claim that "[t]here are numerous employees who have went [sic] to court and were never asked to bring any other documentation in other than what you [sic] received in the mail or by a lender or the courthouse." (Supp. to Compl. 7–8, ECF No. 5.) While she does draw a comparison between herself and other employees, she does not allege that these other employees were similarly situated to her. Plaintiff must provide at least one example of an employee who was allowed to take a day off to appear in court, even though that employee had already used all of his or her vacation and sick time. Because plaintiff has not done this, I find that she has not stated a claim for retaliation under the FMLA.

**THEREFORE, IT IS ORDERED** that defendant's motion to dismiss [DOCKET #12] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff has until **October 12, 2012** to **AMEND** her complaint if she chooses to do so.

Dated at Milwaukee, Wisconsin, this 10th day of September 2012.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge